Richard Pachulski (CA Bar No. 90073)
John Fiero (CA Bar No. 136557)
James K.T. Hunter (CA Bar No. 73369)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail:  rpachulski@pszjlaw.com
         jfiero@pszjlaw.com
         jhunter@pszjlaw.com
         mmanning@pszjlaw.com

Attorneys for R. Todd Neilson, Liquidating Trustee of the
Del Biaggio Liquidating Trust

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Dist. Ct. Case No.: 4:13-cv-2794-YGR |
| WILLIAM JAMES DEL BIAGGIO, III | Bankr. Ct. Adv. Proc. No. 11-03191-TC |
| Debtor | **ORDER** |
| ROBERT J. THOMAS, | Judge:  Hon. Yvonne Gonzalez Rogers |
| Plaintiff, | |
| v. | |
| WILLIAM JAMES DEL BIAGGIO, III, et al., | |
| Defendants. | |

DOCS_SF:86276.3 59914/005

     This bankruptcy adversary proceeding was tried before Bankruptcy Judge Thomas Carlson on February 12 - 13, 2013. It has come before this Court for de novo review of the Amended Proposed Findings of Fact and Conclusions of Law ("Proposed Findings and Conclusions") prepared and submitted following trial by the Bankruptcy Judge [Bankruptcy Docket No. 99], upon timely objections by Defendant R. Todd Neilson, as Liquidating Trustee for Debtor William James Del Biaggio III (the "Trustee"). The Court has considered de novo pursuant to Rule 9033(d) of the Federal Rules of Bankruptcy Procedure the objections filed by the Trustee, the response thereto filed by Thomvest Holdings, LLC ("Thomvest"), and the Proposed Findings and Conclusions and the record of the trial, and has issued its Order Accepting Bankruptcy Court's Amended Proposed Findings of Fact and Conclusions of Law upon such de novo review, entered as Docket No. 11 on August 11, 2014 (the "Order").

     On September 17, 2014, the Court granted the parties' Stipulated Motion to Correct Final Judgment Pursuant to Fed. R. Civ. P. 60(a) and entered the Corrected Judgment on De Novo Review and Order Accepting Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law (FRCP 60(a)) (the "Corrected Judgment") (Dkt. No. 20). Among other things, the Corrected Judgment directs the respective Clerks of the Bankruptcy and District Courts to release to Thomvest the full amount of the proceeds on deposit with each of those Registries of Court on October 2, 2014, subject to any order for a stay of the Corrected Judgment that may then be in effect.

     On September 10, 2014, the Trustee filed an Emergency Motion to Stay Pending Appeal of Judgment and for Alternate Security (Dkt. No. 16). Following Thomvest's response thereto (Dkt. No. 26) and the Trustee's reply (Dkt. No. 27), the Court granted the motion for stay and ordered the subject funds to remain in the Court's Registry unless by noon on September 30, 2014, Thomvest files with the Court a notice of intent to procure a letter of credit for the benefit and protection of the Trustee pending appeal. Thomvest has stated that it expects to procure such letter of credit within sixty (60) days from today.

     Based on the submissions of the parties, and good cause appearing therefor,

**IT IS HEREBY ORDERED**:

The subject funds shall remain in the Court's Registry until Thomvest delivers to the Trustee an original letter of credit issued by the Royal Bank of Canada (the "Letter of Credit") that includes at least the following terms:

> (a) The amount of the Letter of Credit shall be no less than the aggregate amount recited in the Corrected Judgment, which is $11,209,415.50;
>
> (b) The beneficiary of the Letter of Credit shall be R. Todd Neilson, trustee of the Del Biaggio Liquidating Trust, and any successor trustee;
>
> (c) The duration of the Letter of Credit shall be not less than two years or, in the event the Letter of Credit is renewed per (d) below, the duration of the renewed Letter of Credit shall be not less than six months;
>
> (d) Among the permissible draws under the Letter of Credit (or any replacement) shall be the Trustee's right to draw on the Letter of Credit within four weeks of its expiration where there has not been a renewal and there has not been a final judicial disposition no longer subject to appeal, in which case the Trustee shall re-deposit the entirety of the proceeds into the Court's Registry; and
>
> (e) Another permissible draw on the Letter of Credit (or any replacement) shall be Thomvest's non-payment of $11,209,415.50 or portion thereof to the Trustee within thirty (30) days' notice by the Trustee to the notice recipients listed in (f) below that there has been a final judicial determination no longer subject to appeal that the Trustee is entitled to all or any portion of the interplead funds.
>
> (f) The following parties shall receive the notice described in (e):
>
> Stefan Clulow (by email and mail)
> sclulow@thomvest.com
> Thomvest Asset Management
> 65 Queen Street West
> Suite 2400
> Toronto, Canada  M5H 2M8
>
> Johanna Calabria & Ragesh Tangri (by email and mail)
> jcalabria@durietangri.com
> rtangri@durietangri.com
> Durie Tangri LLP
> 217 Leidesdorff Street
> San Francisco, CA 94111

Peter Benvenutti (by email and mail)
pbenvenutti@kellerbenvenutti.com
Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108

The Royal Bank of Canada (by notice as set forth in the Letter of Credit)

The Honorable Yvonne Gonzalez Rogers (by ECF)

Upon Thomvest's delivery of such Letter of Credit to the Trustee, Thomvest shall file a notice and proposed order with the Court that it has delivered the Letter of Credit to the Trustee. Upon the Court's entry of an order acknowledging such notice, the stay shall be lifted and the Clerks of Court shall disburse the subject funds to Thomvest pursuant to the Corrected Judgment for Thomvest's sole use and benefit pending the final resolution of the appeal.

If any disputes regarding the Letter of Credit arise, the parties shall first attempt resolution by meeting and conferring and, failing those efforts, such disputes shall be brought to the attention of this Court.

Dated: October 7, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE